IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GLEN MITCHELL, et al.,

        Plaintiffs,

v.                                                          CIVIL ACTION NO. 2:21-cv-00614

AMERICAN ELECTRIC POWER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiffs' Motion for the Court to Designate Action as a Jury Trial* (Document 23), the *Plaintiffs' Memorandum in Support of Motion for the Court to Designate Action as a Jury Trial* (Document 24), *Appalachian Power Company's Response in Opposition to Motion for the Court to Designate Action as a Jury Trial* (Document 29), *Plaintiffs' Reply Memorandum in Support of Motion for the Court to Designate Action as a Jury Trial* (Document 30), as well as all attached exhibits and the existing record. For the reasons detailed herein, the Court finds that the Plaintiffs' motion should be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises from alleged injuries and damages suffered by the Plaintiffs after a utility pole owned by the Defendants crashed into the Plaintiffs' house. Plaintiffs originally filed suit on October 25, 2021, in the Circuit Court of Logan County, West Virginia. (Document 1-1). The matter was removed to this Court on November 23, 2021. (Document 1). On December 30, 2021, the Court entered its Scheduling Order, which set various deadlines including setting the matter

for trial on January 23, 2023. (Document 8). In the Scheduling Order, the trial was set for "Bench Trial."

Pursuant to the Court's Order and Notice of December 1, 2021 (Document 6) and the parties' Stipulation on February 2, 2022 (Document 13), the parties exchanged Rule 26(a)(1) disclosures on February 25, 2022. (Documents 14 and 15). Plaintiffs were granted leave to file an Amended Complaint to add Appalachian Power Company as an additional Defendant. The Amended Complaint was filed on March 9, 2022 (Document 17), and Defendants' Answers were filed on March 23, 2022 (Documents 19 and 20). To date, the parties have exchanged some requests for discovery, interrogatories, and requests for production. On February 8, 2022, Defendant took the depositions of the Plaintiffs.

The Plaintiffs filed the present motion on May 5, 2022, after discovering that the trial was scheduled for a bench trial, as opposed to the intended jury trial. The pleadings did not include language of a jury demand. The Plaintiffs concede the demand was "mistakenly omitted." (Document 23). The Civil Cover Sheet, provided with the original *Complaint,* filed in the Circuit Court of Logan County, included a box checked "Yes" to indicate a "Jury Demand" was requested. (Document 1-5). Additionally, within the parties' *Report of Parties' Planning Meeting*, the parties set a date for the exchange and submission to the Court of jury instructions by January 9, 2023. (Document 7).

## DISCUSSION

The Plaintiffs move the Court to exercise its discretion and designate this matter for jury trial despite their failure to specifically demand a jury trial in their pleadings. They argue that the failure was inadvertent, other filings evidence their intent to demand a jury trial, and the matter

involves issues better suited for a jury. Further, they argue that it is sufficiently early in the litigation that the Defendants would not suffer unfair prejudice and it would have no impact on the court's docket or orderly administration. The Defendants argue that the Plaintiffs waived their right to a jury trial, and the Defendants have been operating and preparing under the assumption that the matter would be tried before the Court since the Court's scheduling order was issued. Further, they argue that given the lack of justification for the Plaintiffs' failure to properly demand a jury, and the unfair prejudice to them of changing the designation of the trial in the middle of discovery, the Court should not exercise its discretion to alter the nature of the trial.

Rule 39(b) of the Federal Rules of Civil Procedure authorizes the Court, "on motion, [to] order a jury trial on any issue for which a jury might have been demanded." Fed. R Civ. P. 39(b). The Fourth Circuit has granted trial courts "very broad" discretion in ruling on Rule 39(b) motions, which is a piece of the "core matters of trial management" committed to the district court. *Macsherry v. Sparrows Point*, 973 F.3d 212, 229 (4th Circuit 2020) (internal citations and quotations omitted). There are several non-exhaustive factors that courts use to aid in the consideration of Rule 39(b) motions, including:

> "(1) whether the issues are more appropriate for determination by a jury or judge (i.e. factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion (early or late in the proceedings); (4) any effect a jury trial would have on the court's docket and the orderly administration of justice."

*Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 940 n.11 (4th Cir. 1980) (internal citations omitted). While the Fourth Circuit has acknowledged that these *Malbon* factors were indeed "dictum," and thus not controlling, they have also acknowledged that courts may utilize discretion to consider them if helpful in balancing the competing interests. *Macsherry*, 973 F.3d

at 228. Additionally, the Supreme Court has favorably cited, seemingly also in dicta, other factors including the "justifiability of the tardy litigant's delay and the absence of prejudice to his adversary." *Pierce v. Underwood*, 487 U.S. 552, 562 (1988).

The Court finds that the *Malbon* factors are helpful in analyzing the appropriateness of utilizing its discretionary authority under Rule 39(b). Considering the arguments of the parties along with the *Malbon* factors, the Court finds it appropriate to designate this matter for a jury trial. First, the claims in this case are precisely the types of fact dependent claims that are well suited for a jury. Among others, the claims include those for negligence, ultrahazardous activities, tortious interference, and infliction of emotional distress. Determinations of liability and damages on these types of claims are fact intensive and can readily be analyzed by a jury. Of course, some of these claims have elements that may require some legal determination, which the Court can address at the appropriate time

Second, any prejudice caused to the Defendants appears to be minimal. The Defendants were fairly on notice of the Plaintiffs' desire to have this matter tried by jury given the designation on the Civil Cover Sheet, and the agreed upon due date for the exchange of jury instructions in the *Report of Parties' Planning Meeting*. While these indicators are insufficient, alone, to demand the right to a jury, they reasonably put the Defendants on notice. Additionally, there are still several months of the discovery period available, and Plaintiffs have agreed to make themselves available for additional deposition for questioning not previously covered based on Defendants' alleged reliance on a bench trial. Further, despite the Defendants' purported concerns about the difficulty in altering their trial strategy, months remain before trial. Although the strategy may ultimately be somewhat different, the types of discovery are the same.

Third, while the Plaintiffs should have noticed this oversight much earlier, since there are still over six months until the trial date, the motion was filed sufficiently early in the discovery process to preserve fairness. Additionally, while the case was removed in November of 2021, the parties appear to have been engaged in good faith negotiation to resolve the dispute, and written discovery disclosures were not made until May of 2022. Nothing in the record indicates that this has been a dilatory tactic or has drastically altered the discovery process, to date. Finally, given the length of time left before the trial date, changing the designation will have no impact on the Court's docket or on the orderly administration of justice.

Even without looking to the *Malbon* factors, however, the *Pierce* factors do not present any compelling reason to deny the Plaintiffs' motion. While phrased differently, the *Pierce* factors rely upon similar considerations. It is true that there is minimal justification for the Plaintiffs' delay in making this request. However, given the record, the Court finds that there was clear intent to demand a jury trial, and nothing about this request evidences any bad faith. As detailed above, the prejudice to the Defendants is minimal, and there are ample ways to minimize any prejudice, including the Plaintiffs' agreement to be re-deposed, if warranted.

Further, the cases cited by the Defendants to articulate the purported unfair prejudice are unpersuasive and readily distinguishable. In *Kitchen v. Chippewa Valley Schools*, the district court granted a late motion to try a claim before a jury, that was previously set for bench trial. 825 F.2d 1004, 1013. Unlike this case, however, where months remain to prepare for a jury trial, the motion in *Kitchen* was made and granted after the jury had already been impaneled to hear a separate claim, and as trial was beginning. *Id.* A last minute change, on the day of trial, presents a different potential for prejudice to a party than is presented in this case. Further, and critically,

despite acknowledging that the burden placed on a party forced to change its strategy has sometimes been sufficient to justify denial of a Rule 39(b) motion, in *Kitchen,* the Sixth Circuit upheld the district court's grant of the motion, stating that the court had not abused its discretion.

The other case cited by the Defendants is similarly unpersuasive. In *Sky Angel U.S., LLC v. Discovery Communications, LLC*, the district court denied a motion for a jury trial made *after* the discovery cut-off date. 28 F. Supp. 3d. 465, 474-78 (D.Md. 2014), aff'd, 885 F.3d 271 (4th Cir. 2018). The Defendants in *Sky Angel U.S.* detailed specific differences in how they would have approached discovery, and argued that with the discovery period concluded, they were unfairly prejudiced as they could not rectify the damage. *Id.* The court agreed. In this case, however, over two months of the discovery period remain, and over three months remain to complete any depositions. Further, the Defendants have not specifically identified anything that they will be unable to do to rectify any changes in approach. Unlike the *Sky Angel U.S.* defendants, the Defendants here have ample time to continue to develop their case in anticipation of a jury trial.

Accordingly, the Court finds it appropriate to exercise its discretionary authority under Rule 39(b) to designate this matter for jury trial.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Plaintiffs' Motion for the Court to Designate Action as a Jury Trial* (Document 23) be **GRANTED** and the matter be **DESIGNATED** for **TRIAL BY JURY**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 24, 2022

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA